UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON DAY,<br><br>                      Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>                      Defendant. | CASE NO. 2:17-CV-00717-JLR-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>NOTING DATE: February 23, 2018 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkt. 13, 14, 15.

Plaintiff testified that he cannot work due to a combination of psychological impairments. *See* AR. 47, 59-62. Examining physician Dr. David Mashburn, Ph.D. diagnosed plaintiff with panic disorder, possible post-traumatic stress disorder ("PTSD"),

major depression and probable borderline personality disorder. AR. 453, 597. Dr. Mashburn opined that plaintiff would be unable to communicate and perform effectively in a work setting, complete a normal workday and workweek, or maintain appropriate behavior in a work setting. AR. 452-58, 596-603. Dr. Mashburn opined that plaintiff would have very significant limitations in his ability to perform activities within a schedule, maintain regular attendance, and ask simple questions or request assistance. *Id.*

The Administrative Law Judge ("ALJ") rejected Dr. Mashburn's opinion that plaintiff would be unable to communicate and perform effectively and maintain appropriate behavior in a work setting. AR. 26. However, the ALJ erred in finding that Dr. Mashburn's opinion was not consistent with his findings and the overall treatment record. Moreover, the ALJ's finding that plaintiff engaged in drug seeking activity or secondary gain is not supported by substantial evidence. This error is not harmless, because had the ALJ properly considered Dr. Mashburn's opinion, he may have included additional limitations in the residual capacity finding ("RFC") and in the hypothetical questions posed to the vocational expert ("VE").

Therefore, the undersigned recommends that this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

BACKGROUND

Plaintiff, BRANDON DAY, was born in 1976 and was 45 years old on the alleged date of disability onset of July 2, 2012. *See* AR. 219-227. Plaintiff graduated from high school, and went to college for two years but did not receive a degree. AR. 41. Plaintiff

has work history in sign company production. AR. 245. In his last job, plaintiff stopped going in because of panic attacks and they let him go. AR. 42-43.

According to the ALJ, plaintiff has at least the severe impairments of "anxiety disorder; affective disorder; and borderline personality disorder (20 CFR 404.1520(c) and 416.920(c))." AR. 20.

At the time of the hearing, plaintiff was homeless, staying at a shelter. AR. 39.

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. AR. 75-90, 91-106, 109-26, 127-44. Plaintiff's requested hearing was held before ALJ Wayne N. Araki on August 27, 2015. *See* AR. 35-72. On November 24, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 15-34.

On March 10, 2017, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1-4; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in May, 2017. Dkt. 3. Defendant filed the sealed administrative record regarding this matter ("AR.") on July 10, 2017. Dkt. 9.

In plaintiff's Opening Brief, plaintiff raises the following issue: Whether the ALJ properly considered the opinions of Sarah Matlock, M.S.W.; Meg Strader; and David Mashburn, Ph.D., and the statements of plaintiff's mother Louise Salander, when the ALJ

concluded plaintiff had only moderate limitations in social functioning and could have occasional interactions with co-workers and would have no difficulties with supervisors. *See* Dkt. 13 at 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

1. **Did the ALJ provide legally sufficient reasons for rejecting the medical opinion evidence?**

Plaintiff contends that the ALJ erred when evaluating the medical opinion evidence provided by examining physician Dr. Mashburn. Dkt. 13 at 14-16. Defendant contends that there is no error. Dkt. 14.

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2).

Dr. Mashburn examined plaintiff twice, first in March 2013, and then in December 2013. AR. 452-55 (March 2013 examination), 596-603 (December 2013 examination). Dr. Mashburn diagnosed plaintiff with panic disorder, possible PTSD, major depression, and a probable borderline personality disorder. AR. 453, 597. Dr. Mashburn opined that plaintiff's diagnosed impairments would have a severe effect on plaintiff's ability to: communicate and perform effectively in a work setting; complete a normal workday and workweek without interruptions; and maintain appropriate behavior in a work setting. AR. 454, 598. As defined on the form, "severe" means an "inability to perform the particular activity in regular competitive employment or outside of a sheltered workshop." *See id*. Dr. Mashburn further opined that plaintiff would have "marked" or "very significant" limitations in his ability to perform activities on a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, and ask simple questions or request assistance. AR. 454, 598. Dr. Mashburn opined that plaintiff would benefit from counseling and therapy. AR. 454, 598.

In evaluating Dr. Mashburn's opinion, the ALJ gave weight to Dr. Mashburn's opinion that plaintiff would have mild or moderate restrictions regarding cognitive function, including the ability to perform simple and complex tasks, learn new tasks, and adapt to workplace changes. AR. 25-26. However, the ALJ gave less weight to Dr. Mashburn's opinion that plaintiff would have marked restrictions in the ability to maintain regular attendance, and that he would have marked or severe restrictions in most aspects of social function, including the ability to communicate effectively and maintain appropriate behavior. AR. 26, 454, 598.

First, the ALJ reasoned that Dr. Mashburn's opinion was internally inconsistent. AR. 26. Internal inconsistencies within a physician's report constitute relevant evidence in judging the weight to be attributed to that report. *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of a medical opinion that was internally inconsistent).

Plaintiff contends that Dr. Mashburn's opinion is not internally inconsistent, because Dr. Mashburn noted that plaintiff was histrionic, angry, irritable, sarcastic, and labile on examination, AR. 455, 597, which supports Dr. Mashburn's opinion that plaintiff would be unable to communicate and perform effectively and maintain appropriate behavior in a work setting. Dkt. 13 at 15. Defendant argues that Dr. Mashburn's findings that plaintiff only had mild limitations in some areas, such as understanding, remembering and persisting at tasks or performing routine tasks were inconsistent with Dr. Mashburn's findings that plaintiff would have marked or severe limitations in social functioning. Dkt. 14 at 5. In addition, defendant contends that Dr. Mashburn's opinions were inconsistent with his findings that plaintiff's orientation, memory, fund of knowledge and abstract thought were within normal limits. *Id.*

A "conclusory determination that [a doctor's] opinion was contradicted by his treatment notes . . . ." without elucidating what particular aspect of the treatment notes contradicts the doctor's opinion is not specific and legitimate rationale based on substantial evidence in the record. *Trevizo v. Berryhill*, 871 F.2d 667, 676-77 (9th Cir. 2017) (citing *Magallanes*, 881 F.2d at 751 (quoting *Cotton*, 799 F.2d at 1408)). Here, the ALJ failed to cite to any specific evidence to support his conclusion, and did not describe

Dr. Mashburn's findings or explain which findings were inconsistent with his opinion. *See* AR. 25-26. For example, the ALJ did not indicate that he rejected Dr. Mashburn's opinions concerning social limitations based on his opinion regarding cognitive limitations, nor did he point to the fact that plaintiff was oriented or had an adequate memory. *See id.* Without more, this is far from "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his] interpretation thereof, and making findings," *Magallanes*, 881 F.2d at 751 (quoting *Cotton*, 799 F.2d at 1408). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp, supra*, 332 U.S. at 196). Furthermore, impairments in social functioning are inherently different and distinct from cognitive functioning impairments. Thus, the Court finds unpersuasive defendant's argument that Dr. Mashburn's findings that plaintiff only had mild limitations in some areas, such as understanding, remembering and persisting at tasks or performing routine tasks is inconsistent with Dr. Mashburn's findings that plaintiff would have marked or severe limitations in social functioning. *See* Dkt. 14 at 5. Thus, the Court concludes that the ALJ's first reason for rejecting Dr. Mashburn's opinion is not specific and legitimate and supported by substantial evidence in the record as a whole.

Second, the ALJ rejected Dr. Mashburn's opinion because he found that "Dr. Mashburn seemed to predicate at least part of his opinion on plaintiff's subjective report of panic attacks, including his report that plaintiff was having a panic attack during each of Dr. Mashburn's examinations." AR. 26 (citing AR. 597, 599, 609, 612). The ALJ explained this rationale by noting that plaintiff was still able to obtain a perfect mental status score during both of Dr. Mashburn's examinations. AR. 26. The Court already has discussed how perfect cognitive functioning is not inconsistent with social functioning impairments, which would include limitations such as communicating ineffectively at work due to anxiety, *see supra*. The Court also notes that the ALJ found plaintiff not entirely credible, but plaintiff does not challenge the credibility determination. *See* AR. 23; Dkt. 13.

As an initial matter, the Court notes that the ALJ only found that Dr. Mashburn's opinion relied "at least in part" on plaintiff's self-reports. AR. 26. According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based '*to a large extent*' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)) (emphasis added)). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)). Thus,

to the extent that the ALJ's reasoning for discounting Dr. Mashburn's opinion is that Dr. Mashburn relied, *in part*, on plaintiff's subjective reports, this is not a valid reason.

Furthermore, even if the ALJ had found that Dr. Mashburn relied "to a large extent" on plaintiff's self-reports, such rationale would not be supported by substantial evidence. *See Tommasetti*, 533 F.3d at 1041 (citations omitted). Despite plaintiff's failure to challenge the ALJ's adverse credibility finding, the Court finds that the ALJ did not articulate sufficient reasoning as to how this particular portion of Dr. Mashburn's opinion regarding plaintiff's panic attacks was based "to a large extent" on claimant's self-reports. Rather, Dr. Mashburn explicitly indicated that he observed plaintiff in panic attack during the first examination. AR. 453, 597.  Furthermore, Dr. Mashburn indicated that he maintained clinical skepticism regarding plaintiff's allegations by noting that plaintiff "*claimed to be* in panic attack." *See* AR. 455, 599 (emphasis added). Moreover, Dr. Mashburn reported that he witnessed angry outbursts, anxiety (plaintiff was pacing and rocked back and forth), panicked mood, halting, rambling and histrionic speech, and labile affect. AR 453, 455, 597, 599. Dr. Mashburn documented the results of two mental status examinations. AR. 452-58, 596-603. Dr. Mashburn opined that plaintiff's symptoms would have a severe impact on plaintiff's work activities. *See id.*  Therefore, Dr. Mashburn supported plaintiff's subjective complaints with his own observations and clinical findings. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).  As a result, even if the ALJ had found that Dr. Mashburn largely relied on plaintiff's reports, such rationale is not supported by substantial evidence.

Third, the ALJ reasoned that the overall record did not demonstrate findings consistent with plaintiff's allegations regarding panic attacks. AR. 23, 26. Specifically, the ALJ found that although plaintiff often presented with an anxious affect, the overall record did not show that he regularly exhibited panic attack symptoms such as shortness of breath or sweating. AR. 23 (citing AR. 385-441, 497-539, 551-577, 695-739). The ALJ also noted that despite his panic attacks, plaintiff was still able to achieve a perfect score on the mental status examination, which was addressed above, *see supra,* and that most findings in other records indicate few notable problems in concentration or focus. AR. 22 (citing AR. 385-441, 445-46, 540-547, 695-739). The ALJ stated that Dr. Mashburn was unaware of this inconsistency because he reviewed little of the medical record. AR. 26.

According to the Ninth Circuit, "where the purported existence of an inconsistency is squarely contradicted by the record, it may not serve as the basis for the rejection of an examining physician's conclusion." *Nguyen v. Chatter*, 100 F.3d 1462, 1465 (9th Cir. 1996). A claimant's condition must be evaluated "in the context of the overall diagnostic picture". *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). Simply because a claimant sometimes reports the absence of a symptom does not contradict other occasions where the symptom is reported, as symptoms and limitations can wax and wane. *Trevizo*, 871 F.2d at 680 ("it is not inconsistent with disability that Trevizo was not entirely incapacitated by fatigue at all times, and the treatment notes reflect that Treviso reported weakness or fatigue at more than half of her appointments with Dr. Galhotra") (internal citation to *Lester*, 81 F.3d at 833). The Court finds that the record does not support the

ALJ's finding of inconsistencies. While the Court agrees that not every treatment record indicates that plaintiff suffered from physiological symptoms associated with his panic attacks, the record demonstrates at least four occasions between August 2014 and March 2015 in which plaintiff reported such symptoms.

For example, the ALJ cited to plaintiff's treatment notes from August 2014, in which plaintiff reported that his anxiety and worry are associated with restlessness, feeling keyed up or on edge, being easily fatigued, difficulty concentrating, irritability, and sleep disturbance. AR. 500. In May 2014, plaintiff reported that a panic attack hit him out of the blue, and he felt dizzy, like his head was distended from his body. AR. 502. In September 2014, plaintiff reported shortness of breath, tremor, and tachycardia, as well as generalized anxiety with periods of panic. AR. 723. In March 2015, treatment notes from an emergency psychiatric visit note that during a reported panic attack, plaintiff felt an "intense feeling of being detached from [his] body, . . ." AR. 733. Plaintiff reported this feeling was intolerable and made him feel suicidal, and that he wanted to jump off a building. AR. 733. Furthermore, Dr. Mashburn observed plaintiff's depressive and anxious affect (which also was labile); and, another doctor observed that plaintiff "startles easily when I knock on the door to wake him," corroborative of plaintiff's alleged PTSD and the limitations assessed by Dr. Mashburn as a result of this impairment. *See* AR. 598, 735. Thus, the ALJ's finding that Dr. Mashburn's opinion was inconsistent with the treatment record is not supported by substantial evidence.

Fourth, the ALJ found that Dr. Mashburn was unable to take into account evidence of plaintiff's drug seeking activity and secondary gain, as found by plaintiff's treating

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 11

health care providers. AR. 21, 24, 505, 711-12. The ALJ stated that the evidence suggested that some of plaintiff's inappropriate behavior could be associated with drug seeking. AR. 24. Specifically, the ALJ noted that in May 2014, plaintiff became aggressive and demanding when treating provider Melissa Fukunaga, ARNP, brought up the issue of a benzodiazepine (clonazepam) taper. AR. 24 (citing AR. 523, 525, 527). However, the ALJ fails to explain the relevance of these findings.

When finding that Dr. Mashburn relied in part on plaintiff's subjective reports and that Dr. Mashburn was not able to take into account the evidence suggestive of drug seeking activity and secondary gain, the ALJ noted that Dr. Mashburn did not review all of plaintiff's medical records. AR. 26. Defendant maintains, without citation, that this "taints the entirety of Dr. Mashburn's opinions." Dkt. 14 at 7-8. While the extent to which a doctor is familiar with other information in a claimant's case record is a relevant factor in deciding the weight to give to a medical opinion, *see* 20 C.F.R. § 404.1527(c); 20 C.F.R. § 416.927(c)(6), the ALJ does not explain how this evidence undermines Dr. Mashburn's opinion that plaintiff would have marked restrictions in the ability to maintain regular attendance, and that he would have marked or severe restrictions in most aspects of social function, including the ability to communicate effectively and maintain appropriate behavior. *See* AR. 26, 454, 598, 610. The ALJ did not find that plaintiff's drug and/or alcohol misuse resulted in marked restrictions in these areas, so the relevance that plaintiff may have been seeking drugs and that Dr. Mashburn was unaware of it is not clear. The ALJ has not cited substantial evidence in the record supporting any finding that Dr. Mashburn relied on plaintiff's subjective appearance or responses/allegations

when assessing these limitations. Thus, this is not a valid reason to discredit Dr. Mashburn's opinion.

Moreover, the record does not support the ALJ's finding of drug seeking behavior. First, plaintiff's aggressive and demanding behavior was not limited to discussions surrounding medication tapering, and plaintiff was often angry, argumentative, irritable or emotionally reactive with other treatment providers irrespective of any medication discussion. AR. 23 (citing AR. 390-92, 484-85, 502-04). Moreover, plaintiff's behavior is not limited to his treatment providers, plaintiff testified he does not get along well with others including coworkers, is not good at making friends, and does not trust people at all. AR. 42, 55-56, 59, 62. Plaintiff also got upset with a DSHS employee who helped him with his disability report, accusing her that she was not helping him enough. AR. 309.

With respect to the ALJ's finding that plaintiff was motivated by secondary gain, after weighing the "entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," the Court concludes that this is not a specific and legitimate reason supported by substantial evidence to discredit Dr. Mashburn's opinion. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007). First, Ms. Fukunaga only suggested that there was an issue of secondary gain, she did not state that plaintiff was exaggerating or malingering. AR. 711-12. Similarly, the physician who attended to plaintiff in the emergency room after his suicide attempt, Dr. Fiona Elizabeth Gallahue, M.D., noted an inconsistency in plaintiff's report (plaintiff told triage he wanted to throw himself down the stairs, but told Dr. Gallahue that he wanted to

1 | jump off a building), however, Dr. Gallahue did not explicitly state that plaintiff was
2 | motivated by secondary gain. AR. 735. In fact, Dr. Gallahue reported that plaintiff's "risk
3 | of suicide is chronic and moderately elevated given his panic attack[,]" which was
4 | exacerbated by borderline personality traits, homelessness, unemployment and severe
5 | anxiety. AR. 735-36. Therefore, the Court finds that the ALJ's finding is not supported
6 | by substantial evidence.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Had the ALJ properly considered Dr. Mashburn's opinion, he may have included additional limitations in the RFC. *See* AR. 22. For example, Dr. Mashburn opined that

plaintiff would have marked restrictions in the ability to maintain regular attendance, and that he would have marked or severe restrictions in most aspects of social function, including the ability to communicate effectively and maintain appropriate behavior. *See* AR. 454, 598. The RFC did not contain this limitation. AR. 22. In fact, the VE testified that absenteeism of more than one day per month and disruption in the workplace requiring supervisor intervention would prevent sustained employment. AR 70-71. Therefore, the ALJ's error is not harmless and the undersigned recommends remanding for further consideration of Dr. Mashburn's opinion.

Regarding challenges to the ALJ's evaluation of other medical opinions, because the Court recommends that this case be remanded for further administrative proceedings, and based on the record as a whole, the Court recommends that the remaining medical evidence should be evaluated anew following remand of this matter.

2. **Did the ALJ provide clear and convincing reasons for rejecting the lay witness testimony?**

Because the Court concludes that the ALJ erred when evaluating the medical evidence, and that this case be remanded for further administrative proceedings, *see supra,* section 1, and based on the record as a whole, the Court recommends that the lay evidence should be evaluated anew following remand of this matter.

3. **Is remand for a finding of disability the proper remedy in this case?**

The Court notes that plaintiff seeks remand for further proceedings, not an award of benefits. Dkt. 13 at 18-19. Nevertheless, the Court considers whether remand for further proceedings is the proper remedy in this case.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether further administrative proceedings would be useful. In evaluating this issue, we consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

Here, there are conflicts in the medical opinion evidence. For example, Dr. Mashburn opined that plaintiff would be unable to communicate and perform effectively in a work setting; complete a normal workday and workweek without interruptions from psychologically based symptoms; or maintain appropriate behavior in a work setting. AR. 453-55, 597-98. He found that plaintiff would have marked or very significant limitations in his ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, and ask simple

questions or request assistance. AR. 453-58, 597-98. However, Dr. Patricia Kraft Ph.D. opined that plaintiff was capable of competitive employment. AR. 97. Therefore, issues remain in this case warranting remand for further administrative proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted) (reversal with a direction to award benefits is inappropriate if further administrative proceedings would serve a useful purpose); *See Kail v. Heckler,* 722 F.2d 1496, 1497 (9th Cir. 1984) (remand proper where additional administrative proceedings that would include "additional medical opinions regarding claimant's residual functional capacity" could remedy defects). The ALJ is responsible for resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).   Therefore, for all of the stated reasons and based on the record, the undersigned recommends that this matter be reversed and remanded for further administrative proceedings.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

1  purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

2  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

3  matter for consideration on February 23, 2018, as noted in the caption.

4  Dated this 2nd day of February, 2018.

[signature]

J. Richard Creatura
United States Magistrate Judge